# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FOWLER FIGGER, )
)
      Plaintiff, )
) Case No. 12-1326-KGG
v. )
)
OLD WEST LIVESTOCK, L.L.C., )
)
      Defendant, )
_____ )

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF MATTHEW MEYERHOFF

Now before the Court is Defendant's "Motion to Exclude Expert Testimony of Matthew Meyerhoff." (Doc. 63.) Having reviewed the submissions of the parties, this motion *in limine* is **GRANTED in part** and **DENIED in part** as outlined below.

## BACKGROUND

This is a negligence case resulting from a motor vehicle accident involving a semi tractor-trailer and a passenger car that occurred during a rainstorm shortly after 11:00 p.m. on February 2, 2012. Plaintiff has identified Matthew Meyerhoff as an expert on issues relating to the operation of commercial motor vehicles and

training of those who operate them. Meyerhoff has submitted an expert report containing seven enumerated "Opinions and Conclusions." (*See* Doc. 64-5.) Defendant moves to exclude Meyerhoff's testimony, arguing that "his opinions are not reliable, irrelevant, and otherwise improper." (Doc. 64, at 3.)

## DISCUSSION

The standards relating to the admission of expert testimony was recently discussed in the case of ***Underground Vaults & Storage v. Cintas Corp.***, No. 11-1067-MLB, 2013 WL 6150764 (D. Kan. Nov. 22, 2013). Therein, District Judge the Honorable Monti Belot gave the following analysis:

> 'Rule 702 sets forth the standard for admission of expert testimony,' ***U.S. v. Fredette***, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns 'to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'' ***Daubert v. Merrell Dow Pharm.***, 509 U.S. 579, 597, 113 S.Ct. 2786, 2799, 125 L.Ed.2d 469 (1993). Rule 702 provides that
>
>> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
>
> Exclusion of expert testimony is the exception, not the rule.

> > *See* Advisory Committee Notes concerning the amendment to Rule 702 (noting that 'a review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.')
>
> > If the expert is sufficiently qualified . . . then 'the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology.' ***United States v. Avitiz–Guillen***, 680 F.3d 1253, 1256 (10th Cir. 2012).

*Id.*, at 1-2.

Even so, it is well-established that relevance is not the only benchmark for admissibility of seemingly relevant expert testimony.

> When expert testimony embodies legal conclusions, however, it exceeds the permissible scope of opinion testimony. *See* ***Frase v. Henry***, 444 F.2d 1228, 1231 (10th Cir.1971) (expert cannot state legal conclusions by applying law to the facts, passing upon weight or credibility of the evidence, or usurping the province of the jury by telling it what result should be reached); ***FAA v. Landy***, 705 F.2d 624, 632 (2d Cir.) (where former FAA official offered to testify about industry practice and FAA policy concerning application of FAA regulation, court excluded testimony on grounds that 'meaning and applicability' of a specific law invades the province of the court to instruct the jury as to the law), *cert. denied*, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983); ***Marx & Co. Inc. v. Diners' Club, Inc***., 550 F.2d 505, 509–10 (2d Cir.) ('It is not for the witness to instruct the jury as to the applicable principles of law, but for the judge.'), *cert. denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977)).

***United Phosphorus, Ltd. v. Midland Fumigant, Inc.***, 173 F.R.D. 675, 688 (D.Kan. 1997).

The central issue for resolution by the jury in the present case is whether

Defendant's driver or Plaintiff crossed the center line.  This is not, however, the only issue.  Plaintiff also contends that the decision of Defendant's driver to operate in a rain storm, while driving with his cruise control set at the speed limit of 65 miles per hour, and the failure of Defendant's driver to take evasive action (apply his brakes or move to the right) when Plaintiff crossed the center line (if the jury finds Plaintiff did so) constituted negligence and contributed to the accident.  Plaintiff also contends training failures concerning these topics constitutes negligence and contributed to the accident.  The importance of these contentions seem of little significance compared to the central issue, and would seem unlikely to determine which driver, if either, was primarily at fault.

    The Court is unable to conclude that these contentions are so irrelevant that they should not be considered by the jury in a comparative fault case.  Assuming Mr. Meyerhoff can be qualified and an adequate foundation laid, his expert explanation of the federal transportation regulations relating to these particular duties, the application of those duties in this case and, if supported by evidence, testimony concerning the lack of training provided by Defendant concerning these duties may be helpful to the jury.  Additionally, his testimony concerning whether attempted evasive action would have been effective to avoid the accident could

also be helpful in a comparative fault analysis.[1]

This, however, is the extent of the relevant evidence contained in Mr. Meyerhoff's offered opinion. Testimony concerning generalized deficiencies in Defendant's hiring, training, or documentation of its drivers, or of this particular driver, are not relevant without evidence tying the deficiency to this accident. Therefore, in the absence of evidence that drugs, alcohol, the driver's driving record, or fatigue played a causative role in this accident, testimony concerning deficiencies in testing, documentation or the company's general deficiencies in those areas are not relevant. Such testimony would only allow Plaintiff to encourage the jury to speculate, without evidence, that Defendant's driver might have been under the influence of drugs or alcohol, or fatigued, at the time of the accident. Further, testimony concerning general administrative deficiencies which Plaintiff contends should have prevented Defendant's driver from driving the day of the accident, are too remote to assist to the jury in determining the cause of the accident. Within these parameters, the Court evaluates the seven numbered "Opinions and Conclusions" offered by Meyerhoff in his letter opinion of June 7, 2013. (Doc. 64-5.)

---

[1] It is improbable that the jury, if it decides Plaintiff crossed the center line, will nevertheless find Defendant more than 50% at fault for failing to avoid the collision. Also, if the jury finds Defendant crossed the center line, these additional theories would seem unnecessary. However, these are questions for the jury.

The opinions described in paragraphs 1, 2 and 7 are either too general, or involve factors not shown to be causative in this case, and are excluded as irrelevant or unfairly prejudicial. Fed.R.Evid. 401, 403, 404. The opinion expressed in paragraph 4 is excluded as improperly invading the province of the jury. *See* **United Phosphorus, Ltd.**, 173 F.R.D. at 688. Moreover, an opinion concerning a likely administrative conclusion is not relevant to the issue before the jury, and would be unfairly prejudicial. This does not preclude some properly supported causation testimony specifically relating to allowed testimony.

The opinions in paragraphs 3 and 5 will be allowed. To some extent, these duplicate general Kansas law (e.g. Pattern Instructions for Kansas, Civil 121.02, 121.03, 121.13, 121.15). However, the application of these principals to a professional driver by the witness may be helpful to the jury.

The opinion expressed in paragraph 6 will be permitted only to the extent it addresses specific training deficiencies which evidence supports are related to the this accident (the failure to avoid and conditions of the road theories).[2]

IT IS THEREFORE ORDERED that Defendant's Motion to Exclude Expert

---

[2] In his response to this motion (Doc. 70), Plaintiff breaks down the opinions further into seventeen paragraphs. To address the issues in that format, the opinions described in paragraphs i, ii, iii (except for training deficiencies specific to the accident avoidance theory if supported by the evidence), iv, v, vi, vii, viii, ix, x, xi, xvi, and xvii are excluded as irrelevant or unfairly prejudicial. The opinions described in paragraphs xii, xiii, and in xiv and xv (only to the extent those relate to the deficiencies described in xii and xiii) are allowed if a proper foundation is established.

Testimony of Matthew Meyerhoff (Doc. 63) be **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2013.

                                                s/ KENNETH G. GALE
                                                Kenneth G. Gale
                                                United States Magistrate Judge